UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

F.D. CONSEILLANT,

            Plaintiff,

   -vs-

C.O. CHARLIE WORLE,

            Defendant.

**DECISION AND ORDER**

**No. 06-CV-6535(MAT)**

---

**I.  Introduction**

Plaintiff F.D. Conseillant ("Conseillant" or "Plaintiff"), proceeding pro se, instituted this action on October 17, 2006, seeking redress for an alleged violation of his Eighth Amendment rights that occurred while he was an inmate in the custody of New York State Department of Corrections and Community Services ("DOCCS").  In particular, Plaintiff asserts that in April 2004, defendant C.O. Charlie Worle ("Worle" or "Defendant") subjected him to excessive force and caused severe injury to his back.

Plaintiff indicated in his original complaint that he had not commenced any other lawsuits in federal court relating to his incarceration in DOCCS' custody. Accordingly, on January 5, 2007, the Court (Arcara, D.J.) granted Plaintiff leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). On February 16, 2010 The Court (Feldman, M.J.) appointed pro bono counsel, who filed an amended complaint on Plaintiff's behalf on December 23,

2010. Over the next two years, the parties engaged in written discovery.

On September 6, 2012, Defendant filed a motion to dismiss (Dkt #37) on the basis that Plaintiff was in violation of the "three strikes" provision of the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Plaintiff has opposed the motion, asserting the defense of laches and arguing that the "three strikes" rule is unconstitutional. Defendant filed a reply.

On January 10, 2013, this matter was transferred to the undersigned. For the reasons that follow, Defendant's motion to dismiss is granted, and the amended complaint is conditionally dismissed subject to Plaintiff's payment of the filing fee.

**II. General Legal Principles**

The PLRA, whose principal purpose is to deter frivolous prisoner lawsuits and appeals, requires prisoners seeking IFP status to pay, to the extent they are financially able, the normal filing fee that is imposed in a civil action or appeal. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997). Section 1915(g) of the PLRA provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also, e.g., Harris v. City of New York, 607 F.3d 18, 20 (2d Cir. 2010) (citing 28 U.S.C. § 1915(g)); Abdul-Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir. 2001) (en banc) & id. (dissenting opn.) (both opinions extensively discussing § 1915(g)). The Second Circuit has held that the "three strikes" rule applies even where a prisoner-plaintiff has been released from prison subsequent to the filing of his complaint. Nicholas, 114 F.3d at 22. In addition, the "three strikes" rule need not be raised by the defendant in the pleadings as an affirmative defense in order to serve as grounds for dismissal. Id. at 23.

**III. Threshold Issues**

    **A.    Plaintiff's Prior Litigation in Federal Court**

Defendant indicates that Plaintiff had filed at least eight federal lawsuits pertaining to his incarceration and had accrued at least four "strikes" before he commenced the instant action in October 2006. See Defendant's Memorandum of Law ("Def's Mem.") at 2-3 (citing Declaration of Bernard Sheehan, Esq. ("Sheehan Decl.")). They are as follows:

- Conseillant v. Contiguglia, No. 00-CV-0841, Order (N.D.N.Y. Aug. 14, 2000) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1));

- Conseillant v. Bailey, No. 01-CV-4518, Order (S.D.N.Y. Aug. 29, 2001) (dismissing amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and certifying that an appeal would not be taken in good faith);

- <u>Conseillant v. Fasce</u>, No. 00-CV-0565, Decision & Order (N.D.N.Y. Mar. 26, 2002) (adopting Report-Recommendation and dismissing the complaint for failure to state a claim);

- <u>Conseillant v. Manzer</u>, No. 01-CV-1988, Decision and Conditional Order of Dismissal (N.D.N.Y. Jan. 23, 2002), Judgment Entered (N.D.N.Y. May 14, 2002).

<u>See</u> Def's Mem. at 2; Sheehan Decl., ¶¶ 9-15.

Defendant also notes that in two recent cases, the Northern District of New York has denied Plaintiff's motions to proceed IFP pursuant to 28 U.S.C. § 1915(g) for violating the three strikes rule. <u>See</u> <u>Conseillant v. Lira</u>, No. 12-CV-0617 (N.D.N.Y. May 8, 2012), attached as Exhibit ("Ex.") C to Sheehan Decl.; <u>Conseillant v. Lira</u>, No. 09-CV-0906, 2011 WL 1221100 (N.D.N.Y. Mar. 28, 2011), attached as Ex. D to Sheehan Decl.

In his opposition to the motion to dismiss, Plaintiff has not disputed Defendant's recitation of his prior federal lawsuits in this Circuit. Plaintiff only challenges the motion to dismiss on the grounds that the three strikes rule is unconstitutional and that the doctrine of laches applies. The Court agrees with Defendant that Plaintiff has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g).

**B. "Imminent Danger" Exception**

Section 1915(g) contains a narrow exception that permits a prisoner-plaintiff to file in federal court, notwithstanding the existence of "three strikes", when the prisoner-plaintiff is "under imminent danger of serious physical injury" at the time he files

his complaint. Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) (interpreting "imminent danger" exception to apply to the time of filing of the lawsuit rather than to the time of the constitutional violation alleged in the lawsuit); accord Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (per curiam) (holding that the imminent danger exception does not violate the rights of access to the courts guaranteed by the Equal Protection guarantee of the Fifth Amendment).

The events giving rise to Conseillant's claims occurred in April 2004, more than two years before he commenced this litigation in October 2006. Plaintiff has not claimed that he was in "imminent danger of serious physical harm[,]" 28 U.S.C. § 1915(g), at the time he filed his original complaint. The "three strikes" rule therefore applies to Plaintiff's situation. The Court accordingly proceeds to analyze Plaintiff's arguments that the "three strikes" rule is unconstitutional and that Defendant is barred by laches from asserting it.

**IV. Discussion**

   **A. Constitutionality of the "Three Strikes" Rule**

Plaintiff argues that the "three strikes" rule is unconstitutional because it violates the Fifth Amendment's implicit guarantee of Equal Protection. See Abdul-Akbar v. McKelvie, 239 F.3d at 316 ("Although the Fifth Amendment contains no Equal Protection Clause, 'the Fifth Amendment's Due Process Clause

prohibits the Federal Government from engaging in discrimination that is "so unjustifiable as to be violative of due process."'") (quoting Schlesinger v. Ballard, 419 U.S. 498, 500 n. 3 (1975) (other quotation omitted). Plaintiff concedes that circuit courts have upheld the constitutionality of the "three strikes" rule, but asserts that they have done so incorrectly.

### 1. The Second Circuit has held that IFP status is not a fundamental constitutional right.

In Polanco, 510 F.3d 152, supra, the Second Circuit confronted the issue of whether the "three strikes" rule "violates a prisoner's right of access to the courts or is impermissibly overbroad." Id. at 153-54 (footnote omitted). The Second Circuit found none of the plaintiff's constitutional challenges persuasive, and "join[ed] the other circuits that have upheld the constitutionality of this statute." Id. at 156 (citing Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (holding that 28 U.S.C. § 1915(g) does not unconstitutionally deny a prisoner's access to the courts); Rivera v. Allin, 144 F.3d 719, 723-24 (11th Cir. 1998) (rejecting right of access, separation of powers, due process, and Equal Protection challenges § 1915(g)), cert. dism'd, No. 98-5572, 1998 WL 480078 (S. Ct. Sep. 17, 1998); White v. State of Colorado, 157 F.3d 1226, 1233, 1234 (10th Cir. 1998) (agreeing with Fifth Circuit that proceeding IFP in a civil case "is a privilege, not a right-fundamental or otherwise"; rejecting Equal Protection challenge to § 1915(g) (quotation omitted)); Carson v. Johnson, 112

F.3d 818, 821 (5th Cir.), cert. denied, 520 U.S. 1219 (1997)); see also Abdul-Akbar, 239 F.3d at 317-18.

The Second Circuit acknowledged that access to the courts is a fundamental right recognized by the Supreme Court in Bounds v. Smith, 430 U.S. 817, 821 (1977). Polanco, 510 F.3d at 156, n.5. However, the Second Circuit found, IFP status is a "congressionally created benefit" that can be "extended or limited by Congress," not a constitutional right. Polanco, 510 F.3d at 156 (quoting Rodriguez, 169 F.3d at 1180). Section 1915(g) does not burden an inmate's access to the courts, the Second Circuit found, but rather simply prohibits an inmate from enjoying IFP status after he has repeatedly brought legal claims that have been dismissed as frivolous or malicious, or failing to state a claim. Id. In those cases, § 1915(g) requires the prisoner-plaintiff to pay the full filing fee at the outset, rather than being able to have the fee waived or paying in installments. In sum, the Second Circuit agreed with the Fifth, Ninth, Tenth, and Eleventh Circuits that § 1915(g) "presents no unconstitutional burden to a prisoner's access to the courts. . . ." Id. (citing Carson, 112 F.3d at 821).

Plaintiff argues this Court should disregard Polanco because the Second Circuit failed to undertake an extensive analysis of the issue and relied instead on the decisions of its sister circuit courts. Plaintiff cites no legal authority for this proposition and, indeed, the law is to the contrary: This Court is bound by

-7-

Polanco. See Ithaca College v. NLRB, 623 F.2d 224, 229 (2d Cir. 1980) (holding that a decision by the circuit court of appeals, not overruled by the United States Supreme Court, is a decision of the court of last resort in a federal judicial district; such judgments are binding on all inferior courts and litigants in that judicial district and also on administrative agencies) (citing Allegheny General Hospital v. NLRB, 608 F.2d 965, 970 (3d Cir. 1979)). Here, "[t]here has been no Supreme Court ruling or intervening change of law that would permit the Court to stray from the binding precedent of [Polanco]. Therefore, the Court will adhere to that ruling." United States ex rel. Drake v. NSI, Inc., 736 F. Supp.2d 489, 498 (D. Conn. 2010).

### 2. Plaintiff's argument regarding the applicability of the "strict scrutiny" test is foreclosed by Second Circuit precedent.

Plaintiff argues that the Second Circuit ignored the fiscal realities of prison life and erroneously found that IFP is a privilege rather than a right, and then improperly applied the "rational basis" test to § 1915(g) based upon its erroneously conclusion that § 1915(g) did not impermissibly burden indigent prisoners' right of access to the courts. Plaintiff contends that the "strict scrutiny" standard of review should apply. See Plyler v. Doe, 457 U.S. 202, 216-17 (1982) (statutes that burden a fundamental right or target a suspect class must survive "strict

scrutiny", meaning that they be narrowly tailored to serve a compelling governmental interest).

The Second Circuit explicitly rejected Plaintiff's arguments in Nicholas v. Tucker, 114 F.3d 17 (2d Cir. 1997). In that case, the Second Circuit held that the PLRA has a rational basis and does not violate indigent prisoners' Equal Protection rights by requiring them, unlike nonincarcerated indigents, to prepay court filing fees. Id. at 20-21. Furthermore, the Second Circuit concluded, the PLRA's filing fee provisions rationally address the problem of excessive and frivolous prisoner lawsuits. Id. Finally, inmates are not a "suspect class" so as to require a more exacting scrutiny than the "rational basis" test. Id. Nicholas is binding precedent, see Ithaca College v. NLRB, 623 F.2d at 229, and this Court is without authority to hold as Plaintiff requests.

### 3. Polanco and Nicholas implicitly foreclose Plaintiff's argument that Boddie v. Connecticut, 401 U.S. 371 (1971), should be extended to prohibit enforcement of the "three strikes" rule.

Plaintiff also argues that this Court should extend Boddie, 401 U.S. 371, supra, to prohibit enforcement of the "three strikes" rule based on the principle that requiring indigent civil plaintiffs to pay filing fees when a fundamental right is at stake violates the Due Process Clause. In Boddie, the Supreme Court determined that there was a fundamental right at stake–namely, the ability to obtain a divorce. The state courts were the sole fora in Connecticut for obtaining a divorce, and plaintiffs were

prevented from accessing them due to the filing fees. The Supreme Court held that this "must be regarded as the equivalent of denying them an opportunity to be heard upon their claimed right to a dissolution of their marriages," 401 U.S. at 380-81, and accordingly found that fee waivers were required.

The only cases cited by Plaintiff in support of its argument are district court cases from the Eighth Circuit. However, neither of them remain good law for the proposition urged by Plaintiff. See Higgins v. Carpenter, 258 F.3d 797 (8th Cir. 2001). In Higgins, the Eighth Circuit recognized that there may be indigent inmates who are unable to save the full filing fee for payment at the time of filing, and who therefore may be effectively prevented from pursuing valid constitutional claims in federal court in the event of application of § 1915(g). Id. at 800-01. However, the Eighth Circuit also concluded that "a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." Id. at 800 (citing M.L.B. v. S.L.J., 519 U.S. 102, 114 (1996) (termination of parental rights); Boddie, 401 U.S. at 376 (divorce proceedings)). The Eighth Circuit reasoned that "[i]f fee waivers are not constitutionally required in prisoner § 1983 cases, it follows that inmates do not have a constitutional right to pay court fees for civil cases by the installment method." Id. at 801 (citing Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right-fundamental or otherwise.");

accord Abdul-Akbar, 239 F.3d at 317 ("An unconditional right of access exists for civil cases only when denial of a judicial forum would implicate a fundamental human interest-such as the termination of parental rights or the ability to obtain a divorce. . . . Examples of interests that the [Supreme] Court has held do not rise to this level are bankruptcy filings, and welfare benefit determinations.") (citations omitted).

Furthermore, the Eighth Circuit determined that the "three strikes" rule in § 1915(g) survived scrutiny under the "rational basis" test and was constitutional. Higgins, 258 F.3d at 798. In so doing, the Eighth Circuit overruled Ayers v. Norris, 43 F. Supp. 2d 1039 (E.D. Ark. 1999) (applying "strict scrutiny" to § 1915(g)). See 258 F.3d at 798. Ayers is one of the decisions relied upon by Plaintiff. As Defendant argues, Higgins also overruled the other case relied upon by Plaintiff, Lyon v. Van de Krol, 940 F. Supp. 1433 (S.D. Iowa 1996), to the extent that Lyon applied the "strict scrutiny" test in its constitutional analysis of § 1915(g).

As noted above, in Polanco, the Second Circuit agreed with the proposition articulated in Rivera and cited favorably in Higgins that proceeding IFP in a civil case is a privilege, rather than a fundamental constitutional right. Thus, Polanco reasonably is read as implicitly rejecting Plaintiff's argument in favor of extending Boddie to § 1915(g) based upon Plaintiff's characterization of the right asserted as fundamental. Furthermore, the Second Circuit

-11-

considered Boddie's holding when it decided Polanco, as it specifically observed that there "may be some instances where the Constitution requires the waiver of filing fees for indigents in civil actions." Polanco, 510 F.3d at 156, n. 6 (citing Boddie, 401 U.S. at 374). The Second Circuit went on to note that it did not need to consider whether "Congress could eliminate the imminent danger exception so as to bar indigent prisoners with three strikes from proceeding in all cases without paying the filing fees." Id. Thus, Polanco suggests that the only instance in which a constitutional problem could arise is if the "imminent danger" exception were removed from § 1915(g). Even if the Second Circuit were to so rule, however, it would not affect Conseillant because he has not alleged or shown entitlement to the "imminent danger" exception.

**B.  The Defense of Laches**

Finally, Plaintiff urges that this Court apply the equitable defense of laches to Defendant's motion to revoke his IFP status, arguing that Defendant unreasonably delayed in bringing the motion and that Plaintiff would be prejudiced based upon the time and resources that have been expended during the six years this lawsuit has been pending.

Laches is an equitable defense based upon a party's lengthy failure to assert a right, and the resulting prejudice to the opposing party. Schutz v. State, 81 N.Y.2d 336, 348 (1993). To

prevail upon a laches defense, the movant must show that (1) the party against whom the defense is asserted unreasonably delayed in asserting his right; and (2) the movant was prejudiced by the delay. Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 192 (2d Cir. 1996). "It is well established that a [movant] must have 'clean hands' to assert the equitable defense of laches." Black Diamond Sportswear, Inc. v. Black Diamond Equipment, Ltd., No. 06-3508-cv, 2007 WL 2914452 (2d Cir. Oct. 5, 2007) (quoting Hermès Int'l v. Lederer De Paris Fifth Avenue, Inc., 219 F.3d 104, 107 (2d Cir. 2000) and citing Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814 (1945) (observing that "he who comes into equity must come with clean hands" (internal quotation marks omitted)).

As Defendant argues, Plaintiff does not come to this Court with "clean hands", as he himself omitted from his initial complaint the same litigation history that now forms the basis for Defendant's motion. Plaintiff stated in his original complaint that he had not commenced any other lawsuits in federal court which related to his imprisonment. In fact, however, he had filed at least eight other cases in federal court relating to his imprisonment before this action was commenced. By his misrepresentations, Plaintiff shielded himself from an earlier "three strikes" motion. See Bell v. Lasaceli, No. 08-CV-0278A, 2009 WL 1032857, at *3 (W.D.N.Y. Apr. 15, 2009) (stating that

"information about a pro se litigant's previous cases is material since it allows the Court to review . . . if the plaintiff had, prior to being granted in forma pauperis status, garnered 'three strikes' for purposes of 28 U.S.C. § 1915(g)"). Had Plaintiff truthfully described his previous litigation in federal court, he would not have been granted IFP status by this Court at all. Accordingly, the Court rejects Plaintiff's assertion of entitlement to the laches defense. Cf. Polanco, 510 F.3d at 154-55 (granting motion to revoke IFP status even though the plaintiff filed the original lawsuit in December 2003, and an amended lawsuit in June 2004; the defendants filed a motion to dismiss and to revoke IFP status in January 2007; and during the intervening years, discovery and pre-trial proceedings had taken place).

**IV. Conclusion**

For the foregoing reasons, the Court grants Defendant's motion (Dkt #37) to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). Plaintiff's IFP status is hereby revoked.

Given Plaintiff's experience litigating in federal court and his familiarity with the in forma pauperis process, there can be no innocent excuse for his failure to set forth his full litigation history in his complaint. When he had the opportunity to correct his misstatements in his amended complaint, he did not. It is apparent that his omissions were an attempt to circumvent a clear application of § 1915(g). Because Plaintiff has acted in bad faith

in pursuing IFP status, the Court elects to dismiss Plaintiff's complaint with prejudice. See Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7th Cir. 1998) (stating that in the absence of any limitation as to dismissal with prejudice under the in forma pauperis statute, "Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion") (internal quotation marks omitted); accord Vann v. Comm'r of New York City Dept. of Corr., No. 11–2200–pr, 2012 WL 4010492, at *2-3 (2d Cir. Sept. 13, 2012) (unpublished opn.) ("Given the falsity of Vann's application and his declarations, Vann's bad faith in this case evidenced by his litigation experience and extensive familiarity of the in forma pauperis process, and Vann's failure to credibly explain or correct his declarations when given an opportunity to do so, the District Court was well within its discretion when it dismissed Vann's complaint with prejudice.")). other citations omitted).

Plaintiff's amended complaint accordingly is dismissed with prejudice. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   January 15, 2013
         Rochester, New York